UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIRGEN VEGA,

        Plaintiff,

v.                                      Case No. 8:22-cv-2759-AEP

MARTIN O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

## I.

**A.**   **Procedural Background**

Plaintiff filed an application for SSI (Tr. 234). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 99–101, 115). Plaintiff then requested an administrative hearing (Tr. 121–22). Per Plaintiff's request, the ALJ held a hearing at which

---

[1] Martin O'Malley is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Martin O'Malley should be substituted for Acting Commissioner Kilolo Kijakazi as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

Plaintiff appeared and testified (Tr. 43–68). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 23–36). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 13). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1971, claimed disability beginning September 18, 2020 (Tr. 49). Plaintiff obtained a high school education (Tr. 34, 58, 302). Plaintiff has no past relevant work (Tr. 34, 51, 62–63, 302). Plaintiff alleged disability due to osteopenia, rheumatoid arthritis, tachycardia, blood pressure, depression, and insomnia (Tr. 301).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since September 18, 2020, the alleged onset date (Tr. 25). The ALJ did not state when Plaintiff had met the insured status requirements through, but the record indicates that such status was met (Tr. 293). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: osteopenia and hypertension (Tr. 26). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1 (Tr. 29). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform

> less than full range of light work. The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently, sit for 6 hours and stand and walk for 6 hours. The claimant can push and/or pull as much as she can lift and/or carry. The claimant can climb ramps and stairs frequently, climb ladders, ropes, or scaffolds occasionally, balance frequently, stoop frequently, kneel frequently, crouch frequently, and crawl frequently. The claimant can work at unprotected heights frequently, around moving mechanical parts frequently, in humidity and wetness frequently, in extreme cold frequently, in extreme heat frequently, and in vibration frequently.

(Tr. 30). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 31).

Given Plaintiff's background and RFC, the vocational expert ("VE") testified that Plaintiff could perform jobs existing in significant numbers in the national economy, such as a cafeteria attendant, cleaner/housekeeper, and blade balancer (Tr. 35). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 36).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable

to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the

court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

### III.

Plaintiff argues that the ALJ erred by ignoring or arbitrarily devaluing the findings and observations from her physical therapist. For the following reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

Plaintiff's sole argument is that the ALJ failed to consider the opinion of a physical therapist, who was recommended by Plaintiff's primary care provider, as part of the medical record from an acceptable medical source under the regulations.

Plaintiff claims that "although the opinion of the physical therapist is not entitled to any particular weight, the observations and testing are part of the treatment records from the acceptable medical source, and the need for such treatment must be considered an opinion of the medical source, if the medical source ordered the treatment." (Doc. 20, at 6). Plaintiff states that the physical therapy records detailed Plaintiff's low back pain and bilateral radicular symptoms (Tr. 659–775). Additionally, the physical therapy notes indicated that Plaintiff was limited in her ability to perform prolonged standing and walking (Tr. 660, 663, 700, 721, 742, 745, 748, 751).

When assessing the medical evidence, the ALJ may reject any opinion when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (citation omitted). A reviewing court will not second guess an ALJ's decision regarding the weight to afford a medical opinion, so long as the ALJ articulates a specific justification for the decision. *See Hunter v. Soc. Sec. Admin. Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015). Previously, an ALJ was required to afford the testimony of a treating physician substantial or considerable weight unless "good cause" was shown to the contrary. *Winschel*, 631 F.3d at 1179; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (per curiam) (citation omitted). However, claims filed on or after March 27, 2017, are governed by a new regulation applying a modified standard for the handling of opinions from treating physicians. *See* 20 C.F.R. § 404.1520c; *see also Schink v. Comm'r of Soc Sec.*, 935 F.3d 1245, 1259 n.4 (11th Cir. 2019). The new regulations remove the

"controlling weight" requirement when considering the opinions of treating physicians for applications submitted on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c(a); *Yanes v. Comm'r of Soc. Sec.*, No. 20-14233, 2021 WL 2982084, at *5 n.9 (11th Cir. July 15, 2021). Because Plaintiff submitted her application for benefits on September 18, 2020 (Tr. 234), the new regulation applies.

Under 20 C.F.R. § 404.1520c, an ALJ will not defer or give any specific evidentiary weight to any medical opinion or prior administrative finding, including from a claimant's medical source. 20 C.F.R. § 404.1520c(a). Notably, under 20 C.F.R. § 416.902, the list of acceptable medical sources does not include physical therapists. Nevertheless, this Court has still found that an ALJ can and should consider the opinions of physical therapists in evaluating claimants' physical limitations. *See Sears v. Comm'r of Soc. Sec.*, No. 8:14-CV-2635-T-17JSS, 2016 WL 11581678, at *1 (M.D. Fla. Jan. 20, 2016); *Finster v. Kijakazi*, No. 3:21-CV-454-JRK, 2022 WL 2063335, at *3–4 (M.D. Fla. June 8, 2022). Here, Plaintiff argues that since her medical source ordered the physical therapy treatment, then it must be considered by the ALJ as part of the medical record. However, without having to decide whether the physical therapist's records were adopted by Plaintiff's primary care provider by virtue of having ordered it, a review of the ALJ's decision reveals that the ALJ considered and appropriately weighed the opinions of Plaintiff's physical therapist. *See Finster*, 2022 WL 2063335, at *4 (evaluating the ALJ's consideration of the physical therapist opinion without deciding if the primary care provider adopted such opinions by virtue of signing off on it).

The ALJ, when making the RFC assessment, stated that medical opinions and prior administrative medical findings were considered in accordance with the requirements of 20 C.F.R. 416.920c (Tr. 30). The ALJ first noted that Plaintiff "premise[d] her claim for disability on physical and mental limitations . . . [and] allege[d] chronic pain causing limitations in sitting, standing, lifting, carrying, and using hands that would preclude even sedentary exertion." (Tr. 30–31). However, the ALJ ultimately found that although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 31).

The ALJ observed that the record evidence showed that Plaintiff repeatedly denied symptoms or did not report specific symptoms that she alleged at the hearing (Tr. 31). In support, the ALJ noted that Plaintiff's treatment records documented that she was able to ambulate normally, was in no acute distress, appeared healthy, had normal muscle tone, her strength was normal, she had normal movement in all extremities, her reflexes were normal, and she had a normal gait (Tr. 31–32, 471, 576–77, 624, 639, 804–05, 811). The ALJ concluded that Plaintiff's primary care records consistently failed to report any observations of impair mobility (Tr. 31). In that, the ALJ specifically stated that she reviewed the physical therapy records from approximately July 2021 to March 2022 (Tr. 32, 659–775). Further, while the ALJ recognized that the physical therapy records noted the complaints of difficulty with

9

sitting, standing, and walking, lifting, carrying, and performing other physical activities such as postural positions (Tr. 32), the records also demonstrated improvement in Plaintiff's mobility over the course of treatment (Tr. 659–63, 677, 682, 700, 721, 742). Thus, the ALJ explicitly considered the physical therapy findings as part of the medical record, and Plaintiff's argument must fail on its face.

But even if the ALJ had not directly discussed these records, which she did in this case, the ALJ is not required to discuss or cite every piece of evidence so long as she considers the claimant's condition as a whole. *See Brito v. Comm'r, Soc. Sec. Admin.*, 687 F. App'x 801, 804 (11th Cir. 2017) ("Although [the claimant] points to other evidence in the record that was consistent with her hearing testimony and to which the ALJ did not specifically refer in making her credibility determination, the ALJ was not required to examine or reference every piece of evidence, so long as it is evident, as it is here, that the ALJ considered [her] medical condition as a whole.").

Alternatively, to the extent that Plaintiff argues the physical therapy records demonstrated greater limitations than the ALJ found, this argument must also fail. Plaintiff attempts to illustrate inconsistency between the physical therapy and primary care records by stating that "[t]he fact that the primary source did not observe impaired mobility during a brief examination, where [Plaintiff] was possibly sitting during much of the examination, is not evidence that [Plaintiff] can stand and walk for prolonged periods of time." (Doc. 20, at 6). Without more, Plaintiff's claim simply amounts to a request for this Court to reweigh the evidence, of which

10

it cannot do. This Court must determine if the ALJ's decision is support by substantial evidence. "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). Given that, the scope of this Court's review "precludes [it] from 're-weighing the evidence or substituting our judgment for that [of the Commissioner] . . . even if the evidence preponderates against' the decision." *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Here, as stated above, the ALJ explained that she reviewed the physical therapy records from approximately July 2021 to March 2022 (Tr. 659–775) and noted the complaints of difficulty with sitting, standing, and walking, lifting, carrying, and performing other physical activities such as postural positions (Tr. 32). However, in light of the physical therapy records, the ALJ found that Plaintiff's primary care records consistently failed to report any observations of impair mobility and therefore concluded the physical therapy records inconsistent with the rest of the medical evidence (Tr. 31). Accordingly, the ALJ's decision is supported by substantial evidence.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 4th day of March, 2024.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record